IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses it receives and disseminates its findings and any responsive records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("Defendant" or "DOJ") is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001. On information and belief, Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 15, 2017, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking the following:

> **Any and all records concerning the Nation of Islam Mosque #7 in Harlem, Manhattan, New York City, or the building located at 102 West 116th Street.**
>
> **This request includes, but is not limited to, all informant, wiretap, electronic surveillance, and physical surveillance records relevant to the Nation of Islam Mosque #7, located at 102 West 116th Street, in New York City.**

The time frame for the request was identified as "January 1, 1970 to January 1, 1973."

6. Plaintiff's request specifically asked the FBI to search the following nine record systems believed to likely contain responsive records:

    a. the Central Records System ("CRS");

    b. the Automated Case Support system ("ACS");

    c. the Universal Index ("UNI");

    d. the Sentinel Case Management system

    e. Electronic Surveillance ("ELSUR") indices and records, including the Electronic Surveillance Data Management System ("EDMS");

    f. Physical Surveillance ("FISUR") indices and records;

      g.      all files and indices of the New York Office;

      h.      all manual indices related to the time frame and subject of this FOIA; and

      i.      the "Special File Room" section of the FBI.

7. The "Special File Room" refers to a March 29, 2010 Boston Globe report about a particular location that houses FBI records from the agency's "history of illegal spying on domestic political organizations." On information and belief, the FBI had conducted domestic spy operations against the Nation of Islam and Mosque #7 during the time period specified in Plaintiff's request. Nation of Islam Mosque #7 also was the scene of the 1972 shooting death of New York Police Department Officer Phillip Cardillo, who had responded to an "officer in distress" call later believed to have been a ruse to lure officers to the location.

8. The FBI responded to Plaintiff's request by letter dated May 25, 2017 and advised Plaintiff that the request has been assigned reference number 1374082-000. The FBI also advised Plaintiff that it had searched the "Central Records System," which "include[s] any Electronic Surveillance (ELSUR) records," but was "unable to identify main file records responsive to [Plaintiff's] FOIA." The letter did not indicate whether the FBI had searched the other record systems specified in the request.

9. On August 2, 2017, Plaintiff submitted a timely administrative appeal challenging the FBI's limited search. Plaintiff's appeal reiterated that its request had identified nine databases reasonably believed to contain responsive records. Plaintiff's appeal also identified specific search terms it believed the FBI should have used to locate responsive records.

10. On August 9, 2017, Defendant acknowledged receipt of Plaintiff's administrative appeal and advised Plaintiff the appeal had been assigned reference number DOJ-AP-2017-005944.

11. On September 14, 2017, Defendant affirmed the denial of Plaintiff's request, concluding that the FBI had "conducted an adequate, reasonable search" for the records Plaintiff requested.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant has violated FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request and, accordingly, failing and/or refusing to produce any and all non-exempt records responsive to the request.

14. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

15. Because Defendant affirmed the FBI's denial of Plaintiff's request on appeal, Plaintiff has exhausted its administrative remedies.

16. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of

exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  November 15, 2017                    Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*